UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEMEHERTE SHIFERAW BEYENE,<br><br>Defendant. | Case No. CR05-218L<br><br>ORDER REGARDING MOTION TO DISMISS INDICTMENT WITH PREJUDICE AND RELEASE DEFENDANT FROM CUSTODY |

This matter comes before the Court on the "Motion to Dismiss the Indictment With Prejudice and Release Defendant From Custody" (Dkt. # 20) filed by defendant Temeherte Shiferaw Beyene. For the reasons set forth below, defendant's motion is granted in part and denied in part. Count 1 of the indictment is dismissed, however this Court must conduct a hearing before determining whether to dismiss with or without prejudice. Defendant's request to be released from custody is denied.

## I. BACKGROUND

On December 6, 2004, defendant was charged by criminal complaint with possession of cocaine base with intent to distribute and a warrant was issued for his arrest. On February 9, 2005, defendant was arrested on the warrant. Shortly after his arrest, the parties stipulated to a 60-day extension of time for filing of the indictment against defendant (Dkt. # 6), and defendant

ORDER REGARDING MOTION TO
DISMISS INDICTMENT WITH                          1
PREJUDICE AND RELEASE
DEFENDANT FROM CUSTODY

signed a waiver of his right to a speedy indictment (Dkt. # 10). Accordingly, the deadline for filing the indictment was extended to May 10, 2005. (Dkt. # 13).

Defendant and the government entered into protracted plea negotiations. By May 10, 2005, however, the parties had not reached an agreement, the deadline for filing the indictment had not been waived or extended, and the government had not filed an indictment against defendant. On May 26, 2005, 16 days after the filing deadline, the government filed its indictment. The 3-count indictment included, as Count 1, the charge asserted in the criminal complaint. Counts 2 and 3 asserted that on two unrelated occasions defendant had possessed with intent to distribute cocaine and cocaine base, respectively.

## II. DISCUSSION

There is no question that the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (the "STA"), has been violated. The government was required to indict defendant on the charge filed in the criminal complaint by May 10, 2005. The STA leaves no room for discretion; if the indictment is not filed within the time limit, the charge contained in the criminal complaint "shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). Only three issues remain: (A) which counts are to be dismissed; (B) whether to dismiss with or without prejudice; and (C) whether defendant should be released from custody.

**A.   Counts Subject to Dismissal Under the STA.**

The STA only requires that Count 1 of the indictment be dismissed. The criminal complaint filed on December 6, 2004 included only one allegation: that defendant possessed cocaine base with the intent to distribute on December 2, 2004. This allegation was later charged as Count 1 of the indictment. The allegations giving rise to Counts 2 and 3 were not included in the criminal complaint and are based on events that occurred after the criminal complaint had been filed. Count 2, for instance, alleges that defendant possessed cocaine with intent to distribute on December 12, 2004. Count 3 alleges that defendant possessed cocaine

ORDER REGARDING MOTION TO
DISMISS INDICTMENT WITH                  2
PREJUDICE AND RELEASE
DEFENDANT FROM CUSTODY

base with intent to distribute on February 9, 2005. Since "[c]harges not included in the original complaint are not covered by the [STA]", <u>U.S. v. Heldt</u>, 745 F.2d 1275, 1280 (9th Cir. 1984), the STA violation only applies to Count 1. Counts 2 and 3 are not subject to dismissal.

**B.     Dismissal With or Without Prejudice.**

The Court must conduct a hearing prior to determining whether to dismiss Count 1 with or without prejudice. See <u>U.S. v. Pena-Carillo</u>, 46 F.3d 879, 882 (9th Cir. 1995). At that hearing, the Court will consider three, non-exclusive factors:

> the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.

18 U.S.C. § 3162(a)(2). "The choice of whether to dismiss with or without prejudice depends on a careful application of the statutorily enumerated factors to the particular case; there is no presumption in favor of either sanction." <u>U.S. v. Clymer</u>, 25 F.3d 824, 831 (9th Cir. 1994).

Before proceeding with a hearing, the government should note that one of its arguments in favor of dismissal without prejudice is not well-taken. The government claims that "[i]f government counsel is guilty of anything in this case, it is of misplacing trust and reliance upon defense counsel's representations" that he would have defendant execute a waiver of the indictment deadline (Dkt. # 22, Opp. at 4). This argument fails for two reasons. First, although cooperation between opposing counsel is strongly encouraged and often to the benefit of both parties, especially criminal defendants, there are some responsibilities that cannot be shared. Enforcement of the STA is one of them. Put simply, a defendant *never* carries the burden of ensuring that the STA requirements are met. That burden must be carried by the government and the courts alone. Although the government may enlist the cooperation of defendant and his counsel, the government may not shift its STA responsibilities onto defense counsel. Second, the government's claim that it failed to file an indictment because it expected defendant to submit a waiver of his rights under the STA is a red herring. Defendant's waiver, even if filed

ORDER REGARDING MOTION TO
DISMISS INDICTMENT WITH                      3
PREJUDICE AND RELEASE
DEFENDANT FROM CUSTODY

before the May 10 deadline, would not have prevented the STA violation. As the Ninth Circuit has made clear, "[b]oth the text of the Speedy Trial Act and our precedent mandate the conclusion that a defendant cannot 'waive' time under the Speedy Trial Act." U.S. Ramirez-Cortez, 213 F.3d 1149, 1156 (9th Cir. 2000) (internal citations omitted). The Court expects that the arguments presented at the hearing will reflect an understanding of the government's role in enforcing the STA as well as a thorough knowledge of the case law interpreting the STA.

**C.     Defendant's Request to be Released from Custody.**

Defendant's request that he be released from custody is denied. As previously indicated, Counts 2 and 3 of the indictment are unaffected by the STA violation. The Court finds that there is probable cause to believe defendant committed the drug offenses described in Counts 2 and 3. The maximum penalty for these offenses is in excess of ten years. See 18 U.S.C. §§ 841(b)(1)(B) & (C). Based on the Court's finding of probable cause and the statutory penalties, there is a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk. See 18 U.S.C. § 3142(e).

On February 2, 2005, Magistrate Judge Benton issued a Detention Order (Dkt. # 11) in which she held that defendant had failed to rebut the presumption against his release. Having reviewed the motions filed before Judge Benton, this Court reaches its own independent determination that Judge Benton's findings are correct. In particular, the Court notes that Judge Benton found that based on defendant's history of evading arrests, defendant poses a danger to the community and poses a risk of flight. These findings are well-supported and, significantly, defendant has made no effort to challenge them. Defendant's request for release from custody is denied.

### III.  CONCLUSION

For all the foregoing reasons, defendant's motion is GRANTED IN PART AND

ORDER REGARDING MOTION TO
DISMISS INDICTMENT WITH                  4
PREJUDICE AND RELEASE
DEFENDANT FROM CUSTODY

1  DENIED IN PART.  Count 1 of the indictment is DISMISSED.  The parties are hereby
2  ORDERED to appear before this Court at 10:00 a.m. on July 26, 2005 to present their arguments
3  regarding whether Count 1 of the indictment should be dismissed with or without prejudice.
4  Defendant's request that he be released from custody is DENIED.

6  DATED this 11th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION TO
DISMISS INDICTMENT WITH                 5
PREJUDICE AND RELEASE
DEFENDANT FROM CUSTODY