UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TEMEHERTE SHIFERAW BEYENE,

    Defendant.

Case No.  CR05-218L

ORDER DISMISSING COUNT 1 OF
INDICTMENT WITHOUT PREJUDICE

On July 11, 2005, this Court found that the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, had been violated and dismissed Count 1 of the indictment against defendant.  See Dkt. # 25. On July 26, 2005, the Court held a hearing to determine whether Count 1 should be dismissed with or without prejudice.  Having heard the arguments of the parties, the Court finds that Count 1 should be dismissed without prejudice for the reasons set forth in its July 26, 2005 oral ruling and for the reasons set forth below.

Determining whether to dismiss with or without prejudice requires the Court to apply three "statutorily enumerated factors to the particular case; there is no presumption in favor of either sanction."  U.S. v. Clymer, 25 F.3d 824, 831 (9th Cir. 1994).  The three factors are:

> the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.

1    18 U.S.C. § 3162(a)(2).

2         Each of these three factors weighs in favor of dismissal without prejudice.  Count 1

3    charges that on December 2, 2004, defendant possessed cocaine base with intent to distribute.

4    There is no question that this charge is serious.  See U.S. v. Taylor, 487 U.S. 326, 338 (1988)

5    (no reason to doubt trial court's conclusion that conspiracy and possession with attempt to

6    distribute cocaine charges are serious); U.S. v. Clymer, 25 F.3d 824, 831 (9th Cir. 1994)

7    (conspiracy to distribute and aiding and abetting the manufacture of methamphetamine are

8    "undoubtedly serious").  As to the second factor, there has been no bad faith or misconduct on

9    behalf of the government.  To the contrary, the government's counsel has been forthright in

10   recognizing the speedy trial error and making efforts to limit the harm caused by the delay.  Due

11   to the government's quick response to the violation, only sixteen days elapsed from the speedy

12   trial violation to the filing of the indictment.  Defendant has suffered no prejudice from this

13   delay.  Finally, in light of the above findings, the considerations of administration of justice and

14   the Speedy Trial Act do not require barring reprosecution to deter prosecutorial misconduct.

15        For all the foregoing reasons and for the reasons set forth during the July 26, 2005

16   hearing, Count 1 of the indictment against defendant is DISMISSED WITHOUT PREJUDICE.

17

18        DATED this 27th day of July, 2005.

19

20                                         _Mark S Lasnik_

21                                         Robert S. Lasnik
                                           United States District Judge

22

23

24

25

26

27   ORDER DISMISSING COUNT 1 OF
     INDICTMENT WITHOUT                    2
     PREJUDICE

28